## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| FRANK H. EATON, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0354-WS-M |
| | ) |
| DEPARTMENT OF VETERANS | ) |
| AFFAIRS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of defendant Department of Veterans Affairs ("VA") to dismiss. (Doc. 5). The parties have filed briefs in support of their respective positions. (Docs. 5, 11, 15). After careful consideration, the Court concludes that the motion is due to be denied in part and that further briefing is required on the remaining issues.

According to the complaint, (Doc. 1-2 at 3-10), the plaintiff is the personal representative of a decedent who obtained a mortgage loan from defendant Wells Fargo Bank ("Wells Fargo"). VA guaranteed the loan. After the loan fell into default, Wells Fargo conducted a foreclosure sale as agent for VA but failed to provide the decedent with necessary pre-foreclosure notices. Wells Fargo purchased the property for over $100,000 and obtained a foreclosure deed. Wells Fargo then deeded the property to VA for $500. VA then sold the property to third parties for over $123,000, generating a surplus over the amount owing on the underlying note, which VA and Wells Fargo have refused to remit to the plaintiff.

The complaint asserts claims against both defendants for: (1) void foreclosure; (2) breach of contract; (3) breach of fiduciary duty; (4) money had and received; (5) negligence; (6) wantonness; and (7) fraudulent concealment of a cause of action. (Doc.

1-2 at 5-10). VA seeks dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(5) for insufficient service of process.[1]

### A. Sovereign Immunity.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature …." *Id*. Thus, "[i]f there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015).

VA assumes without explanation that Congress has not waived its sovereign immunity as to the claims brought by the plaintiff, (Doc. 5 at 5-7), but the Court is not so sanguine. Housing loan guaranties are addressed in Chapter 37 of Title 38, specifically Section 3703. Section 3720, which also lies within Chapter 37, provides that, "[n]otwithstanding the provisions of any other law, with respect to matters arising by reason of this chapter, the Secretary may … sue and be sued in the Secretary's official capacity in any court of competent jurisdiction, State or Federal …." 38 U.S.C.§ 3720(a)(1). "Such a sue-and-be-sued clause serves to waive sovereign immunity otherwise belonging to an agency of the Federal Government." *Thacker v. Tennessee Valley Authority*, 139 S. Ct. 1435, 1440 (2019). While exceptions to such a waiver may be detected in a given statute, a sue-and-be-sued waiver of sovereign immunity is to be "liberally construed." *Loeffler v. Frank*, 486 U.S. 549, 554 (1988) (internal quotes omitted). "Absent such a showing [of an exception to waiver], agencies authorized to sue

---

[1] VA mentions Rule 12(b)(6), (Doc. 5 at 1), but provides no argument regarding failure to state a claim. VA's reply brief omits all reference to Rule 12(b)(6). "'[A] passing reference to an issue in a brief [is] insufficient to properly raise that issue ….'" *Jurich v. Compass Marine, Inc.*, 906 F. Supp. 2d 1225, 1228 (S.D. Ala. 2012) (quoting *Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1331 n.4 (11th Cir. 2005)). Therefore, the motion to dismiss is limited to Rules 12(b)(1) and (5).

and be sued are presumed to have fully waived immunity." *Meyer*, 510 U.S. at 481 (internal quotes omitted).

A number of courts have recognized that Section 3720(a)(1) serves to waive VA's sovereign immunity. *E.g., Smith v. Principi*, 281 F.3d 1384, 1388 (Fed. Cir. 2002); *Western Securities Co. v. Derwinski*, 937 F.2d 1276, 1280 (7th Cir. 1991);[2] *Donovan v. Gober*, 5 F. Supp. 2d 142, 148 (W.D.N.Y. 1998); *Anderson v. Transamerica Specialty Insurance Co.*, 804 F. Supp. 903, 906 (S.D. Tex. 1992); *Lessnau v. Department of Veterans Affairs*, 2013 WL 4084757 at *4 n.1 (E.D. Mich. 2013); *Wilson v. Squirrel*, 2000 WL 33154288 at *3 n.8 (E.D. Pa. 2000). Indeed, VA has "concede[d]" it may be sued under Section 3720(a)(1). *Yunis v. United States*, 118 F. Supp. 2d 1024, 1034 (C.D. Cal. 2000).

The scope and application of Section 3720(a)(1) thus appears to be central to VA's possession *vel non* of sovereign immunity. Because the parties have not addressed the provision or the various issues it may implicate, they will be required to furnish supplemental briefing.

### B. Exhaustion.

The United States has partially waived its sovereign immunity with respect to "tort claims." 28 U.S.C. § 2674. Federal courts have exclusive jurisdiction over such claims based on "the negligent or wrongful act or omission" of a governmental employee. *Id*. § 1346(b). In such cases, the waiver of sovereign immunity flows from Section 2674 and not from any sue-and-be-sued provision regarding the agency. *Id*. § 2679(a). "Thus, if a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name,' despite the existence of a sue-and-be-sued clause." *Meyer*, 510 U.S. at 476 (quoting Section 2679(a)).

As VA notes, (Doc. 5 at 8-9), the FTCA remedy includes as a prerequisite that the plaintiff, before filing suit, have first presented his claim to the appropriate agency and

---

[2] *Derwinski* references 38 U.S.C. § 1820(a)(1), which became Section 3720(a)(1) in 1991.

that the agency, by affirmative action or the passage of time without action, have finally denied the claim.  28 U.S.C. § 2675(a).  This requirement "is jurisdictional and cannot be waived."  *Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1237 (11th Cir. 2002) (internal quotes omitted).  The plaintiff concedes he has not presented his claim to the VA.  (Doc. 11 at 3-4).  Accordingly, all of his claims cognizable under the FTCA must be dismissed for lack of subject matter jurisdiction.

VA, however, has not effectively addressed the scope of this dismissal.  A claim that is not "cognizable" under Section 1346(b) is not subject to the FTCA or its exhaustion requirement and must instead be evaluated under the sue-and-be-sued waiver.  *Meyer*, 510 U.S. at 477-78.  VA acknowledges that only three of the plaintiff's claims sound in tort, (Doc. 15 at 3), yet it insists without explanation that all seven claims should be dismissed for failure to comply with the FTCA's presentation requirement.  (Doc. 5 at 9; Doc. 15 at 4).  Further briefing on the FTCA's applicability to the plaintiff's other four claims will thus be required.

### C.  Service of Process.

The plaintiff filed this action in state court on June 8, 2020.  (Doc. 1-2 at 3).  He served VA through its office of general counsel.  (Doc. 11 at 4).  VA acknowledges it was served on June 18, 2020.  (Doc. 1 at 10).  The defendants thereafter removed the action on July 10, 2020, and VA filed its motion to dismiss on July 30, 2020.  VA argues the action should be dismissed under Rule 12(b)(5) because the plaintiff has not served VA as provided in Rule 4(i).  (Doc. 5 at 9-10).  VA explicitly opposes any additional time for the plaintiff to comply with Rule 4(i).  (Doc. 15 at 4).

"Rule 4(m) prohibits dismissal for failure to serve process if fewer than 120 days [now 90 days] have elapsed since the plaintiff filed its complaint."  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1342 n.5 (11th Cir. 2005).  Moreover, it appears that "[i]n removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court …."  4B Charles Alan

4

Wright and Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed. April 2020 online update).

Based on the foregoing authorities, the plaintiff has at least until September 7, 2020, and perhaps until October 8, 2020, within which to satisfy Rule 4(i). VA's motion to dismiss under Rule 12(b)(5) is therefore premature.

## CONCLUSION

For the reasons set forth above, VA's motion to dismiss pursuant to Rule 12(b)(5) is **denied**. VA is **ordered** to file and serve, on or before **September 2, 2020**, a supplemental brief addressing the deficiencies in its Rule 12(b)(1) briefing identified above.[3] The plaintiff is **ordered** to file and serve, on or before **September 9, 2020**, his response. The Court will take the unresolved portion of VA's motion to dismiss under submission on September 9, 2020.

DONE and ORDERED this 26th day of August, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] This is VA's motion, and it may not, as in its principal brief, simply declare that it is immune, or that the FTCA bars the action, and force the plaintiff to do the heavy lifting.

5