IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANK H. EATON, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0354-WS-M |
| | ) |
| DEPARTMENT OF VETERANS | ) |
| AFFAIRS, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

This matter is before the Court on the motion of defendant Wells Fargo Bank ("Wells Fargo") to dismiss. (Doc. 6). The parties have filed briefs in support of their respective positions, (Docs.6, 12, 16), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted, with leave to amend.

BACKGROUND

According to the complaint, (Doc. 1-2 at 3-10), the plaintiff is the personal representative of a decedent who, with her now-deceased husband, obtained a mortgage loan from Wells Fargo. Defendant Department of Veterans Affairs ("VA") guaranteed the loan. After the decedent's husband died, the loan fell into default. Wells Fargo conducted a foreclosure sale as agent for VA but failed to provide the decedent with necessary pre-foreclosure notices. Wells Fargo purchased the property for over $100,000 and obtained a foreclosure deed. Wells Fargo then deeded the property to VA for $500. VA then sold the property to third parties ("the Colliers") for over $123,000, generating a surplus over the amount owing on the underlying note, which VA and Wells Fargo have refused to remit to the plaintiff.

The complaint in seven counts asserts claims against both defendants for: (1) void foreclosure; (2) breach of contract; (3) breach of fiduciary duty; (4) money had and

received; (5) negligence; (6) wantonness; and (7) fraudulent concealment of a cause of action.  (Doc. 1-2 at 5-10).

### A.  Count I.

Wells Fargo first argues that void foreclosure can only be asserted as a defense to an ejectment action and not as an affirmative cause of action.  (Doc. 6 at 6).  This is incorrect, as reflected by the very case on which Wells Fargo relies.  "'In … an action to set aside the sale after it has occurred, … any circumstance in the foreclosure process that would render the foreclosure void … may be asserted.'"  *Pittman v. Regions Bank*, 226 So. 3d 193, 196-97 (Ala. Civ. App.  2016) (quoting *Campbell v. Bank of America*, 141 So. 3d 492, 494 (Ala. Civ. App. 2012)).

Wells Fargo next argues that a claim for void foreclosure is subject to a two-year "statute of limitations" that is "codified" in Section 6-9-147 of the Alabama Code.  Since the foreclosure sale occurred in April 2015 and suit was not brought until June 2020, Wells Fargo concludes the claim is automatically time-barred.  (Doc. 6 at 6).

"Courts have full power over their officers making execution or judicial sales, and whenever satisfied that a sale made under any legal process is infected with fraud, oppression, irregularity, or error to the injury of either party, the sale will be set aside."  Ala. Code § 6-9-147.  No limitations period is expressed in this provision.  Instead, Alabama courts have indulged a presumption of a mortgagor's ratification of a foreclosure sale when he fails to challenge it within the redemption period.  *Browning v. Palmer*, 4 So. 3d 524, 527-28 (Ala. Civ. App. 2008) (discussing *Garris v. Federal Land Bank*, 584 So. 2d 791 (Ala. 1991)).  "'But where there are peculiar features that seem to refute the presumption of ratification after the lapse of two years that rule is relaxed and the presumption of ratification is not given effect.'"  *Id*. at 528 (quoting *Cloud v. Gamble*, 86 So. 2d 836, 838 (Ala. 1956)).  Thus, neither "the presumption discussed in *Garris* [nor] the one-year statutory right of redemption … create[s] an implied limitations period that finally severs the time within which a debtor may petition the courts to set aside a foreclosure sale under § 6-9-147 …."  *Id*. at 528.  Instead, when a plaintiff's time for

bringing an action under Section 6-9-147 expires depends on the "peculiar features" or "special circumstances" of the particular case. *Id*. In *Cloud*, the plaintiff's suit was timely even though brought almost seven years after the foreclosure sale. *Id*.[1]

Because Wells Fargo has neither addressed the timeliness of the plaintiff's void foreclosure claim under the above standard nor shown that this standard is not the correct one, it is not entitled to dismissal on grounds of untimeliness.

The complaint asserts that the foreclosure is void because the defendants did not provide the decedent with "pre-foreclosure notices in strict conformity with the mortgage." (Doc. 1-2 at 5). Wells Fargo argues the pleading fails to satisfy Rule 8(a)(2), as construed in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), because it "fails to specify what exact pre-foreclosure notices" are at issue. (Doc. 6 at 6). The Court agrees.

"It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Herssein Law Group v. Reed Elsevier, Inc*., 594 Fed. Appx. 606, 608 (11th Cir. 2015) (internal quotes omitted). Failure to do so "doom[s] the claim pursuant to the standards of" *Twombly* and *Iqbal*. *Id*.; *accord Burgess v. Religious Technology Center, Inc*., 600 Fed. Appx. 657, 664 (11th Cir. 2015) (a complaint that "failed to identify the specific contractual provisions that the defendants breached" was "insufficient to set forth a breach-of-contract claim"). The plaintiff's failure to identify the provisions at issue exposes his void foreclosure claim to dismissal.

Finally, Wells Fargo argues that the plaintiff is "unlikely" to state a claim for "wrongful foreclosure," because such claims "'cannot [be] based only on allegations that a mortgagee did not comply with contractual or statutory requirements during the foreclosure process.'" (Doc. 6 at 7 n.1 (quoting *Caldwell v. Nationstar Mortgage, LLC*,

---

[1] Only two of five judges joined the plurality opinion in *Browning*. The two dissenters, however, agreed that the *Garris* presumption and its "special circumstances" exception are the law. 4 So. 3d at 530 (Moore, J., dissenting).

2019 WL 6311496 at *3 (N.D. Ala. 2019)).  That is all well and good, but the plaintiff alleges void foreclosure, not wrongful foreclosure, and at least some notice violations will support a claim for void foreclosure.  "Among the circumstances that may render a foreclosure sale void [are] when the foreclosing entity failed to give notice of the time and place of the foreclosure sale …."  *Pittman*, 226 So. 3d at 197 (internal quotes omitted).  As the plaintiff notes, (Doc. 12 at 10-11), recent Alabama decisions indicate that a failure to strictly comply with notice requirements set forth in a mortgage (as asserted in this case) can render a foreclosure sale void.

### B.  Other Claims.

Counts II through VI seek recovery of the surplus proceeds and other damages incident thereto.  (Doc. 1-2 at 6-8).[2]  Wells Fargo asks a very reasonable question:  since the complaint alleges that the surplus was generated by sale of the property to the Colliers, and since it also alleges that the sale to the Colliers was by VA and that VA alone received the sale proceeds (Wells Fargo having several months previously sold the property to VA and delivered a deed thereto), how can Wells Fargo be liable for VA's failure to turn over the surplus to the plaintiff?  (Doc. 6 at 5-6).

The plaintiff, (Doc. 12 at 9-10), responds that his claims against Wells Fargo are based on *Williams v. Wells Fargo Home Mortgage, Inc.*, 2016 WL 2993196 (S.D. Ala. 2016) ("*Williams II*").  This Court in *Williams II* predicted that the Alabama Supreme Court "would hold that a mortgagee purchasing mortgaged property at a foreclosure sale for the amount of the mortgage debt and then reselling the property to a third party during the statutory redemption period for an amount exceeding the mortgage debt must remit the excess to the mortgagor."  *Id*. at *3.  The plaintiff does not explain, and the Court does not perceive, how *Williams II* supports his claims.

*Williams II*  relied on *Williams v. Wells Fargo Home Mortgage, Inc.*, 2015 WL 4602949 (S.D. Ala. 2015) ("*Williams I*"), which provided the supporting analysis.  In

---

[2] Count VII is not a claim for affirmative relief but is instead a bid to avoid a limitations bar.

*Springer v. Baldwin County Federal Savings Bank*, 562 So. 2d 138 (Ala. 1989), the Court held that "a mortgagee who purchases the mortgaged property at a foreclosure sale and then resells it to a third party during the statutory redemption period is required to apply the profit (the sum realized by the mortgagee in excess of the amount it paid at foreclosure) to the reduction of the mortgagor's debt." *Id*. at 139.  In *Davis v. Huntsville Production Credit Association*, 481 So. 2d 1103 (Ala. 1985), the Court held that, "[w]hen property is sold at a foreclosure sale, … at an amount greater than the indebtedness secured by the mortgage, the mortgagee is liable to the mortgagor for the surplus." *Id*. at 1106.  The Court in *Williams I* twinned these propositions (both arising from the mortgagee's status as trustee as to surplus proceeds) to require a mortgagee purchasing the property in foreclosure and then reselling it (during the redemption period) for an amount exceeding the mortgage debt to remit the excess to the mortgagor.  2015 WL 4602949 at *1-2.

  *Williams I* and *II*, and the cases on which they rely, address only the duties of a *mortgagee* with respect to surplus proceeds the mortgagee *obtains*, either when it conducts a foreclosure sale or when it resells the foreclosed property to a third party.  The complaint alleges that Wells Fargo was the original mortgagee in 1996, (Doc. 1-2 at 4, 6), but it also suggests that VA was the mortgagee as of the 2015 foreclosure.  (*Id*. at 3, 4).  In brief, the plaintiff asserts that Wells Fargo was not the mortgagee but was a mere servicer.  (Doc. 12 at 9, 12).  Similarly, the complaint confirms that Wells Fargo did not receive any surplus proceeds, either at the foreclosure sale or upon resale to VA.  (Doc. 1-2 at 5).  The only surplus proceeds were generated by VA's sale to the Colliers, (*id*.), and the complaint admits that these proceeds were paid to VA, not to Wells Fargo.  (*Id*. at 7).  If Wells Fargo was not the mortgagee at the relevant time, and if Wells Fargo did not receive any surplus proceeds, it is difficult to see how *Williams I* and *II* could apply.

  The plaintiff's only proposal for overcoming this difficulty is his suggestion that Wells Fargo and VA "are working in concern [sic] to deprive Plaintiff of his equity." (Doc. 12 at 13).  Assuming without deciding that *Williams I* and *II* can be stretched to reach such a situation, the complaint nowhere alleges – at all, much less with the

5

plausibility demanded by *Twombly* and *Iqbal* – that the defendants are working in concert to prevent the plaintiff from obtaining the surplus proceeds of VA's sale to the Colliers.

The plaintiff also argues that Wells Fargo's position "ignores the express language of the Mortgage." (Doc. 12 at 9). Since the complaint and the plaintiff's brief are both silent regarding any mortgage terms, there is nothing before the Court that it can consider.

The plaintiff accepts Wells Fargo's premise that its challenge applies equally to all five of the plaintiff's causes of action seeking recovery of surplus proceeds. (Doc. 12 at 9, 10). Because dismissal of all five claims is required on this ground, the Court need not address Wells Fargo's additional arguments presented as to specific causes of action. (Doc. 6 at 7-13). Therefore, with one exception, it does not do so.[3]

"In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." Ala. Code § 6-2-3. Although the statute speaks of actions "seeking relief on the ground of fraud," it extends to "other torts not arising in fraud in appropriate cases." *DGB, LLC v. Hinds*, 55 So. 3d 218, 224 (Ala. 2010) (internal quotes omitted). This extension encompasses, *inter alia*, claims of negligence, wantonness and breach of fiduciary duty. *Id*. at 224, 225 n.10  Tolling of the statute is based on "fraudulent concealment of the existence of a cause of action." *Id*. (internal quotes omitted). The complaint expressly asserts "fraudulent concealment of a cause of action." (Doc. 1-2 at 9).

Because tolling under Section 6-2-3 depends on a showing of fraud, Alabama courts require an assertion of fraudulent concealment of a cause of action to be pleaded with the particularity required by Rule 9(b) of the Alabama Rules of Civil Procedure. *Ex parte Booth*, 295 So. 3d 647, 657 (Ala. 2019); *Miller v. Mobile County Board of Health*, 409 So. 2d 420, 422 (Ala. 1981); *Henderson v. Washington National Insurance Co.*, 454

---

[3] The Court has and expresses no opinion whether all or any of Wells Fargo's arguments unaddressed herein would prove meritorious.

F.3d 1278, 1283 (11th Cir. 2006).  State procedural rules do not apply in this action, but federal Rule 9(b) parallels its state counterpart.  *Id*. at 1283-84.

"In alleging fraud …, a party must state with particularity the circumstances constituting fraud …."  Fed. R. Civ. P. 9(b).  By its terms, the rule does not limit its reach to causes of action sounding in fraud, and federal courts have routinely concluded that Rule 9(b) applies to assertions of fraudulent concealment as a basis for invoking statutory or equitable tolling.[4]  This Court observed some thirteen years ago that "[t]here is ample law to support the proposition that equitable tolling is subject to the heightened pleading requirements of Rule 9(b)," *Williams v. Saxon Mortgage Services, Inc*., 2007 WL 2828752 at *3 n.8 (S.D. Ala. 2007), later clarifying that this observation "was specifically and narrowly directed at allegations of fraudulent concealment to toll the limitations period."  *McMillian v. AMC Mortgage Services, Inc*., 560 F. Supp. 2d 1210, 1216 n.9 (S.D. Ala. 2008).

As then, now.  An assertion of fraudulent concealment as a means of avoiding a limitations bar "alleg[es] fraud" for purposes of Rule 9(b) and therefore must be pleaded with particularity.  Because the plaintiff, invoking Section 6-2-3, asserts fraudulent concealment of a cause of action, he must plead the fraudulent concealment with particularity.  Wells Fargo argues the complaint fails to do so, (Doc. 6 at 13-14), and the

---

[4] *E.g., Caputo v. Pfizer, Inc*., 267 F.3d 181, 190 (2nd Cir. 2001); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999); *Wolin v. Smith Barney Inc*., 83 F.3d 847, 854 (4th Cir. 1996), *disapproved on other grounds, Klehr v. A.O. Smith Corp*., 521 U.S. 179 (1997); *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc*., 76 F.3d 1245, 1255 (1st Cir. 1996); *Larson v. Northrop Corp*., 21 F.3d 1164, 1173 (D.C. Cir. 1994).

Sister courts throughout the Eleventh Circuit have ruled likewise.  *E.g., Pedraza v. United Guaranty Corp*., 114 F. Supp. 2d 1347, 1355-56 (S.D. Ga. 2000); *Gilmore v. American Basketball Association Players' Retirement Plan*, 2015 WL 12806538 at *7 (M.D. Fla. 2015); *Rogers v. Merchants Bank*, 2015 WL 4856725 at *3, *report and recommendation adopted*, 2015 WL 4857399 (S.D. Ala. 2015); *Turner v. Allstate Insurance Co*., 2014 WL 5112061 at *2 (M.D. Ala. 2014); *Adams v. Crown Asset Management, LLC*, 2011 WL 13318846 at *2 (N.D. Ga. 2011); *Mason v. Alabama Farm Credit*, 2011 WL 13133746 at *6 (N.D. Ala. 2011); *Gomez v. SunTrust Mortgage, Inc*., 2009 WL 10667427 at *1 (S.D. Fla. 2009).

Court agrees.[5]  As currently pleaded, the complaint's fraudulent concealment allegations are ineffectual, and the plaintiff rests on them at his peril.

### C. Amendment.

The plaintiff requests leave to amend. (Doc. 12 at 21). "The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), that is, "in the absence of any apparent or declared reason such as undue delay or futility of amendment." *Murphy v. Secretary, U.S. Department of the Army*, 769 Fed. Appx. 779, 783 (11th Cir. 2019) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Wells Fargo identifies, and the Court perceives, no such reason.

In addition to the deficiencies identified in Parts A and B (and any additional deficiencies asserted by Wells Fargo and not discussed herein), any amended complaint should address the following.

First, the plaintiff in brief suggests the void foreclosure claim is partially based on foreclosure by an entity without a valid interest in the note. (Doc. 12 at 1, 8, 12).[6] However, neither Count I nor any paragraph preceding it (which paragraphs are purportedly incorporated within Count I) makes any assertion regarding the defendants' interest in the note or authority to foreclose.[7] If the plaintiff intends to make this a basis

---

[5] The plaintiff offers no argument to the contrary. Instead, he mischaracterizes Wells Fargo's argument as one that his fraudulent concealment allegation "should be dismissed because [the defendants'] acts were allegedly described were [sic] in the public records." (Doc. 12 at 20).

[6] "In Alabama, the following circumstances may render a foreclosure sale *void*: (1) when the foreclosing entity does not have the legal right to exercise the power of sale, as, for example, when that entity is neither the assignee of the mortgage … nor the holder of the promissory note … at the time it commences the foreclosure proceedings …." *Campbell*, 141 So. 3d at 495 (emphasis in original).

[7] Count VII alleges the defendants concealed from the plaintiff that they were not the party entitled to enforce the note, (Doc. 1-2 at 9), but this allegation is not incorporated within the antecedent Count I.

of his void foreclosure claim, it must be properly pleaded as such, with the plausibility demanded by *Twombly* and *Iqbal*.

Second, the plaintiff asserts in brief that "Count I seeks the Courts [sic] determination of the parties [sic] rights and interest in the *Property* which has a 10 year statute of limitations." (Doc. 12 at 12 (emphasis in original)). There is authority for the proposition that, while a claim seeking a declaration that a foreclosure sale is void is subject to the presumptive one- or two-year time limit addressed above, a claim "seeking a declaration of the rights of the parties arising from their respective deeds" is governed by the ten-year limitations period for actions for the recovery of lands or the possession thereof. *FSRJ Properties, LLC v. Walker*, 195 So. 3d 970, 974-75 (Ala. Civ. App. 2015). Assuming for argument that the plaintiff could successfully invoke the longer limitations period, his complaint does not in fact seek a declaration of the parties' interest in the property. Count I has no *ad damnum* clause, and the concluding prayer for relief seeks only damages. (Doc. 1-2 at 6, 10). If the plaintiff intends to seek declaratory relief of a form he believes will implicate a ten-year limitations period, such a demand for relief must be properly pleaded.

## CONCLUSION

For the reasons set forth above, Wells Fargo's motion to dismiss is **granted**. This action as to Wells Fargo is **dismissed**, without prejudice to the plaintiff's right, as circumscribed below, to file an amended complaint.

The plaintiff's request for leave to file an amended complaint, construed as a motion for such relief, is **granted**. The plaintiff is **ordered** to file and serve an amended complaint on or before **September 28, 2020**, failing which his action as to Wells Fargo will stand dismissed with prejudice.

DONE and ORDERED this 14th day of September, 2020.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE