IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANK H. EATON, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0354-WS-M |
| | ) |
| DEPARTMENT OF VETERANS AFFAIRS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is back before the Court on the motion of defendant Department of Veterans Affairs ("VA") to dismiss. (Doc. 5). According to the complaint, (Doc. 1-2 at 3-10), the plaintiff is the personal representative of a decedent who obtained a mortgage loan from defendant Wells Fargo Bank ("Wells Fargo"). VA guaranteed the loan. After the loan fell into default, Wells Fargo conducted a foreclosure sale as agent for VA but failed to provide the decedent with necessary pre-foreclosure notices. Wells Fargo purchased the property for over $100,000 and obtained a foreclosure deed. Wells Fargo then deeded the property to VA for $500. VA then sold the property to third parties ("the Colliers") for over $123,000, generating a surplus over the amount owing on the underlying note, which VA and Wells Fargo have refused to remit to the plaintiff. The complaint asserts claims against both defendants for: (1) void foreclosure; (2) breach of contract; (3) breach of fiduciary duty; (4) money had and received; (5) negligence; and (6) wantonness.

VA's motion challenges subject matter jurisdiction, on two grounds. First, that the complaint fails to expressly identify a specific statutory waiver of sovereign immunity. Second, that the complaint falls within the Federal Tort Claims Act ("FTCA"), which

represents a specific statutory waiver of sovereign immunity but as to which the plaintiff failed to exhaust administrative remedies.[1]

By previous order, the Court ruled the parties' presentations unequal to the task. As to the complaint's failure to articulate a waiver of immunity, the Court noted (1) that the plaintiff's claims arise from VA's housing loan guaranty, implicating the waiver of sovereign immunity embedded in 38 U.S.C. § 3720(a)(1), and (2) that the plaintiff's tort claims implicate the FTCA. As to exhaustion, the Court read the plaintiff's brief as conceding his failure to present a claim to VA as required by 28 U.S.C. § 2675(a) but questioned VA's assertion that all six causes of actions are barred by the failure. (Doc. 17 at 2-4).

Under these circumstances, the Court neither granted nor denied VA's motion to dismiss on jurisdictional grounds. Instead, the Court ordered the parties to present briefing regarding the scope and application of Section 3720(a)(1) and regarding the specific claims subject to the FTCA's exhaustion requirement. (Doc. 17 at 3, 4, 5).

VA filed a supplemental brief, but it refuses therein to address the issues identified by the Court. Instead, VA repeats its argument that the Court lacks subject matter jurisdiction simply because the complaint does not cite a specific statutory provision waiving sovereign immunity, (Doc. 20 at 4-5), and it inserts a new argument that, even though it is the movant, it has no burden to address which claims fall within the FTCA until the plaintiff first identifies the claims he believes lie outside its scope. (*Id*. at 5-6).

### A. Sovereign Immunity.

"If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015). "[I]t is well settled that where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts in the complaint satisfy the jurisdictional requirements of the

---

[1] The Court by previous order denied VA's motion to dismiss under Rule 12(b)(5) for insufficient service of process, as the motion was brought prematurely. (Doc. 17 at 4-5).

statute." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980); *accord Arce v. Garcia*, 434 F.3d 1254, 1257 n.8 (11th Cir. 2006) (the *Hildebrand* rule is "[t]he law of this circuit") (internal quotes omitted); *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1313 (11th Cir. 2020) (district court had admiralty subject matter jurisdiction over a complaint that explicitly *disclaimed* admiralty jurisdiction, because the complaint "allege[d] sufficient facts demonstrating that the district court had" such jurisdiction); *Continental Casualty Co. v. Canadian Universal Insurance Co.*, 605 F.2d 1340, 1343 (5th Cir. 1979) (a failure to provide a "short and plain statement of the grounds for the court's jurisdiction," as required by Rule 8(a)(1), does not deprive a court of jurisdiction when "jurisdiction is evident from the face of the complaint").

The Court's previous order relied on this principle, since it is obvious from the face of the complaint that Section 3720(a)(1) is implicated.[2] The Court offered VA an opportunity to show that, despite its general applicability, this provision does not afford

---

[2] As the Court noted, (Doc. 17 at 2-3), the plaintiff's claims against VA arise from its provision of a housing loan guaranty. Such guaranties are addressed in Chapter 37 of Title 38, specifically Section 3703. Section 3720, which also lies within Chapter 37, provides that, "[n]otwithstanding the provisions of any other law, with respect to matters arising by reason of this chapter, the Secretary may … sue and be sued in the Secretary's official capacity in any court of competent jurisdiction, State or Federal …." 38 U.S.C.§ 3720(a)(1). "Such a sue-and-be-sued clause serves to waive sovereign immunity otherwise belonging to an agency of the Federal Government," *Thacker v. Tennessee Valley Authority*, 139 S. Ct. 1435, 1440 (2019), and courts have recognized that Section 3720(a)(1) thus serves to waive VA's sovereign immunity. *E.g., Smith v. Principi*, 281 F.3d 1384, 1388 (Fed. Cir. 2002); *Western Securities Co. v. Derwinski*, 937 F.2d 1276, 1280 (7th Cir. 1991); *Donovan v. Gober*, 5 F. Supp. 2d 142, 148 (W.D.N.Y. 1998); *Anderson v. Transamerica Specialty Insurance Co.*, 804 F. Supp. 903, 906 (S.D. Tex. 1992); *Lessnau v. Department of Veterans Affairs*, 2013 WL 4084757 at *4 n.1 (E.D. Mich. 2013); *Wilson v. Squirrel*, 2000 WL 33154288 at *3 n.8 (E.D. Pa. 2000). Indeed, VA has "concede[d]" it may be sued under Section 3720(a)(1). *Yunis v. United States*, 118 F. Supp. 2d 1024, 1034 (C.D. Cal. 2000).

While exceptions to such a waiver may be detected in a given statute, a sue-and-be-sued waiver of sovereign immunity is to be "liberally construed." *Loeffler v. Frank*, 486 U.S. 549, 554 (1988) (internal quotes omitted). "Absent such a showing [of an exception to waiver], agencies authorized to sue and be sued are presumed to have fully waived immunity." *Meyer*, 510 U.S. at 481 (internal quotes omitted). Which is to say, it is VA's burden to identify an exception to Section 3720(a)(1)'s waiver of sovereign immunity.

immunity for the precise claims asserted by the plaintiff, but VA has elected to reject that opportunity.  Because its only stated ground in support of dismissal (that failure to explicitly cite a statutory basis for waiver of sovereign immunity precludes subject matter jurisdiction) is legally erroneous,[3] its motion to dismiss must be denied.[4]

**Exhaustion.**

The FTCA remedy includes as a prerequisite that the plaintiff, before filing suit, have first presented his claim to the appropriate agency and that the agency, by affirmative action or the passage of time without action, have finally denied the claim.  28 U.S.C. § 2675(a).  This requirement "is jurisdictional and cannot be waived." *Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1237 (11th Cir. 2002) (internal quotes omitted).  As noted, the Court in its previous order stated its understanding that "[t]he plaintiff concedes he has not presented his claim to the VA."  (Doc. 17 at 4).

The plaintiff promptly filed a motion, invoking Rule 59, to alter, amend or vacate that portion of the Court's order.  (Doc. 18).  Because the Court has not entered a judgment,[5] Rule 59 does not apply, and the Court thus construes the plaintiff's motion as one to reconsider.  The applicable legal standard remains essentially the same.  "As the

---

[3] VA cites a number of cases – most of them from sister district courts – as requiring dismissal of a complaint for failure to cite a statute waiving sovereign immunity.  The majority of these cases do not in fact address the *pleading* of a statutory waiver but rather the *existence* (or non-existence) of such a waiver.  Others recognize the pleading of facts implicating a statutory waiver as a substitute for citation to the statute.  None of VA's cases acknowledge the binding authorities discussed in text, and therefore none is persuasive.

[4] In its supplemental brief, VA pivots to an argument that Congress provided no express or implied cause of action against VA with respect to its home loan guaranty program.  (Doc. 20 at 7-8).  As the Court has reminded litigants many times, "[d]istrict courts, including this one, ordinarily do not consider arguments raised for the first time on reply." *Clarke v. Tannin, Inc.*, 301 F. Supp. 3d 1150, 1173 (S.D. Ala. 2018).  Because VA raised no such issue in its initial briefing, the Court will not consider it now.

[5] Indeed, the Court has not even dismissed any of the plaintiff's claims but merely indicated that those constituting "tort claims" under the FTCA are subject to dismissal for lack of exhaustion.  (Doc. 17 at 3-4, 5).

Court has ruled countless times, '[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.'" *United States ex rel. Carver v. Physicians' Pain Specialists, P.C.*, 2018 WL 1612842 at *3 (S.D. Ala. 2018) (quoting *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007)).

A Rule 12(b)(1) challenge to subject matter jurisdiction can be facial or factual. A facial challenge looks only to the face of the complaint and assumes its allegations are true. *McElmurray v. Consolidated Government of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits[,] are considered." *Id*. (internal quotes omitted). "If a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, *the defendant submits* affidavits, testimony, or other evidentiary materials." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) (emphasis added). Thus, dismissal for lack of subject matter jurisdiction can rest "on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts *evidenced by the record*; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *McElmurray*, 501 F.3d at 1251 (emphasis added, internal quotes omitted).

Because VA did not reference the complaint in challenging the plaintiff's satisfaction of the exhaustion prerequisite to subject matter jurisdiction, (Doc. 5 at 8-9), it is limited to a factual challenge.[6] Because VA presented no evidence, but only its *ipse dixit*, that the plaintiff failed to exhaust administrative remedies, (*id*. at 8), its factual

---

[6] Because the complaint alleges that the plaintiff "made demand on Veterans Affairs … for payment of the sums in excess of what was owed under the promissory note," (Doc. 1-2 at 5), it is doubtful VA could have sustained a facial challenge.

challenge would have failed had not the Court understood the plaintiff to have admitted his failure to exhaust.

Further review of the plaintiff's brief reveals that he did not in fact concede a failure to exhaust. His argument regarding exhaustion was convoluted and apparently inapposite, but it did not include any such concession. (Doc. 11 at 3-4). Just as a court's erroneous understanding that a party failed to brief an issue is correctable clear error,[7] the Court's erroneous understanding that the plaintiff had conceded a lack of jurisdiction is correctable clear error. The plaintiff's motion to reconsider is therefore **granted**, and upon reconsideration the Court withdraws its previous statement that the plaintiff "concedes he has not presented his claim to the VA" and its consequent conclusion that "all of his claims cognizable under the FTCA must be dismissed for lack of subject matter jurisdiction." (Doc. 17 at 4). VA's factual challenge to jurisdiction based on the presentation requirement of 28 U.S.C. § 2675(a) therefore remains pending.

Along with his motion to reconsider, the plaintiff submitted a letter delivered by certified mail to the Secretary of Veterans Affairs, which states that, after the foreclosure sale and subsequent sale by VA of the decedent's property (name and property address provided), "there is a surplus due the Estate" of some $21,740, remittance of which is requested. (Doc. 18-1 at 2). The foreclosure deed to Wells Fargo, and the special warranty deed from VA to the Colliers, are attached to the letter, (*id*. at 5-9), as is a real estate sales validation form confirming the sale to the Colliers and the purchase price. (*Id*. at 10).

VA objects to the plaintiff's presentation of this evidence on the grounds he failed to submit it with his opposition brief filed before the Court's initial ruling. (Doc. 21 at 4). As noted, VA cannot prevail on a factual challenge to jurisdiction without the presentation of any evidence. Because VA did not "submi[t] … evidentiary materials," and because it refuses to allow the plaintiff to do so now, its motion to dismiss must be denied.

---

[7] *Dyas v. City of Fairhope*, 2010 WL 5477754 at *1 (S.D. Ala. 2010).

## CONCLUSION

VA's obstinate approach has unnecessarily hindered resolution of the jurisdictional issues in this case.  For the reasons set forth above, VA's motion to dismiss is **denied**, without prejudice to its ability to pursue a second such motion presenting argument, legal authority and evidence that allow appropriate resolution of those issues.

DONE and ORDERED this 14th day of  September, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
